MR. JUSTICE MORRISON
delivered the opinion of the Court.
This is an appeal from a District Court judgment which upheld the constitutionality of the small claims procedure, Title 25, Ch. 35, MCA. The District Court, after sustaining constitutionality of the act, entered judgment in favor of the plaintiff for $678.25.
*442 This case was originally tried before a justice of the peace, sitting without a jury. Both parties were present, but neither was represented by legal counsel. The justice of the peace found in favor of plaintiff, and defendant appealed to the District Court. Defendant attempted to appear in the District Court through counsel but was denied that opportunity by the trial judge. A trial de novo is prohibited by the provisions of the small claims procedure; and therefore, the trial court reviewed only questions of law. The judgment entered in justice court was affirmed.
The issues presented on appeal are: (1) Whether the small claims procedure in justice court, pursuant to Title 25, Ch. 35, MCA, unconstitutionally deprived defendant of the right to counsel? (2) Whether the small claims procedure in justice court, pursuant to Title 25, Ch. 35, MCA, unconstitutionally deprived defendant of the right to a trial by jury? (3) Whether the provision that a justice of the peace may assist a party in the preparation of his pleading, pursuant to section 25-35-201(2), MCA, unconstitutionally deprives the. opposing party of due process? (4) Whether, if part of the procedure is unconstitutional, the balance can stand?

Part I

The small claims procedure makes no provision for a jury trial. Section 25-35-105(2), MCA, provides that a party may not be represented by an attorney unless all parties are represented by an attorney. Section 25-35-403(2), MCA, prohibits a trial de novo in the District Court and provides that appeals shall be limited to questions of law.
The effect of the statutory provisions, above referred to, is to deny a jury trial and to deny counsel at all stages of the factfinding process.
The Montana Constitution is silent on right to counsel in civil cases, but nearly all courts have held that such right is implicit in due process guarantees. For example see Prudential Ins. Co. v. Small Claims Court (1946), 76 Cal.App.2d 379, 173 P.2d 38; Foster v. Walus (1959), 81 Idaho 452, 347 P.2d 120. We hold that in Montana the right to counsel is implicit within constitu *443 tional guarantees of due process, and the right to counsel must exist at some stage in the proceeding.
The question of whether the right to counsel must be afforded in a small claims court was specifically treated by the Idaho Supreme Court in Foster v. Walus, supra. The Idaho small claims procedure, unlike the present procedure in Montana, afforded a trial de novo with counsel on appeal. In answering the argument that counsel could not be denied in the small claims court, the Idaho Supreme Court said:
“A plaintiff in the small claims court, by knowingly commencing his action therein cannot thereafter object to the denial of counsel; and a defendant (as was appellant) may avail himself of the right to appeal to the District Court in a trial de novo with assistance of counsel therein. Such satisfies the due process requirement.” 347 P.2d at 125.
The same result was reached in Prudential Ins. Co. of America v. Small Claims Court, supra.
Section 25-35-403(2), MCA, provides: “There shall not be a trial de novo in the District Court. The appeal shall be limited to questions of law.”
Subsection 2, above quoted, is unconstitutional because it effectively denies counsel at all levels of factual determination. The right to counsel can be denied in the small claims procedure, as long as the right is protected on appeal. Since we have struck the prohibition against a trial de novo in District Court, we find section 25-35-105(2), MCA, to be constitutional, if the unconstitutional provision can be severed.
Part 2
The question of whether a jury trial is required in small claims court, provides a more difficult question. Article 2, Section 26, the Montana Constitution, provides: “Trial by jury. The right of trial by jury is secured to all and shall remain inviolate ...” This Court has the right to interpret its own constitution in a manner which grants greater rights than are secured under the federal con *444 stitution. However, it is the duty of the courts to uphold the constitutionality of legislative enactments if such can be accomplished by reasonable construction. Foster v. Walus, supra. We hold that the constitutional right to trial by jury is satisfied if it is granted at the District Court level, though denied at the small claims level.
This question was addressed by the U.S. Supreme Court in Livingston v. Moore (1833), 32 U.S. (7 Pet.) 459, 8 L.Ed. 751. Article XI, Ch. I, Constitution of Pennsylvania adopted in 1776, provided “That in controversies respecting property, and in suits between man and man, the parties have a right to trial by jury, which ought to be held sacred.” In the Constitution of Pennsylvania adopted in 1790, Article IX, Section 6, declared “That trial by jury shall be as heretofore, and the right thereof remain inviolate.”
The statutes of Pennsylvania, from 1782, required all accounts between the state and its officers to be settled by the comptroller general and approved by an executive counsel. If a balance was found to be due the state, the comptroller general was authorized to direct the clerk of the county .where the officer resided to issue summary process to collect the amount due. It was further provided that the person aggrieved by the process should be allowed to have a trial of the facts by a jury through appealing from the settlement of the comptroller general to the Supreme Court of the state. The law further required that the aggrieved party enter sufficient surety as a prerequisite to the prosecution of such appeal. The constitutionality of these statutes was attacked as being in derogation of the “right to trial by jury” secured by the Pennsylvania Constitution. In resolving this question, the U.S. Supreme Court said: “As to the sixth section of the Pennsylvania bill of rights, we can see nothing in these laws on which to fasten imputation of the violation of the right of trial by jury; since, in creating the lien attached to the settled accounts, the right of an appeal to a jury is secured to the debtor; . . .” This case was cited by approval in Capital Traction Co. v. Hof (1898), 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873.
We hold that section 25-35-403(2), MCA, is unconstitutional because it effectively denies the right to trial by jury at all *445 levels. We further hold that the right to trial by jury, as secured by the Montana Constitution, remains inviolate if provided on appeal to the District Court.
Part 3
Appellant further attacks the constitutionality of section 25-35-201(2), MCA, which provides: “The justice shall assist any claimant in preparing his complaint or instruct his clerk to provide such assistance . . .” Appellant contends that he is denied due process of law by virtue of the justice of the peace assisting one of the parties to the litigation. We find no merit in this contention. By guaranteeing a trial de novo on appeal to the District Court, all constitutional guarantees will be satisfied.

Part 4

The remaining question is whether the balance of the small claims procedure, section 25-35-101, MCA, through 25-35-406, MCA, exclusive of section 25-35-403(2), MCA, can stand. The procedure contains the following severability clause: “If a part of this act is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of this act is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications.” Ch. 573, Section 21, Laws of Montana (1977).
We must find the procedure constitutional if (1) severance leaves an otherwise complete procedure, and (2) we can accomplish severance while honoring legislative intent as to the balance of the act.
Section 25-35-303, MCA, provides that all civil actions tried in small claims court must be electronically or stenographically recorded. Section 25-35-404, MCA, provides the entire record of proceedings in the small claims court shall be transmitted to the District Court, including the recording or transcript referred to in section 25-35-303, MCA. These two sections, which constitute the heart of the appeal procedure provided, contemplate an appeal limited to questions of law. Since we have struck the prohibition *446 against a trial de novo, the appeal procedure which remains is incompatible with the appeal procedure required.
We are not able to ascertain legislative intent. The legislature intended to prohibit a trial de novo, and the appeal procedure provided is tailored to a review of legal questions only. For example, no mention is made of a bond requirement on appeal. Yet, in an appeal from justice court to District Court, where a trial de novo is required, a bond must be posted, section 25-33-201, MCA, through section 25-33-207, MCA.
Because the prohibition against a trial de novo is unconstitutional, we are left without an appropriate appeal procedure. For the reasons previously stated, an appeal must be made available with a trial de novo in District Court. We, therefore, find that we cannot sever the unconstitutional prohibition, section 25-35-403(2), and have a complete act. Neither are we able to determine what the legislators’ intent on an appeal procedure would have been had they known of the constitutional requirement for a trial de novo in District Court.
We hold the small claims procedure in justice court, section 25-35-101, MCA, through section 25-35-406, MCA, inclusive, to be unconstitutional and void.
Furthermore, we hold that a judgment obtained under this unconstitutional act is not void and the unconstitutionality of the act does not deprive the judgment of its effect. Chicot County Drainage Dist. v. Baxter State Bank (1940), 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329.
This opinion is effective as to the litigants in this case and effective as to judgments becoming final after the date hereof.
Part 5
We remand this case to the District Court with directions to vacate the judgment. Plaintiff may refile in any court having jurisdiction.
MR. JUSTICES HARRISON and WEBER concur.