MR. JUSTICE MORRISON
dissents as follows:
I respectfully dissent.
I believe that within the Board’s statutory powers to “affirm, reverse or modify” decisions and to not give full effect to Department rules which are “arbitrary, capricious or otherwise unlawful,” the Board may exercise quasi-judicial functions which encompass the power of remand.
Neither our previous decision in Department of Revenue v. State Tax Appeal Board, supra, or the statutory scheme set forth in Chapter 2, Title 15, MCA, precludes remand to the Department for reassessment of the involved properties.
Respondents ably carried their burden by showing that the Department has abrogated its constitutional duty to appraise, assess and equalize the valuation of all property taxed in the state.
Therefore, it should be incumbent on the Department to either (1) justify its discriminatory methods (which it did not do in the hearing before the Board) or (2) properly fulfill its duty by coming forward with an assessment method which treats respondents’ properties in a manner similar to that of other properties within the same classification. The latter alternative is appropriately accomplished by means of remand.
Properties owned by taxpayers who did not protest the Department’s use of a discriminatory assessment method *68 should not be subject to reassessment. The unconstitutionality of the method employed does not void heretofore unchallenged assessments. See North Central Services, Inc. v. Hafdahl (1981), Mont., 625 P.2d 56, 60, 38 St.Rep. 372,
I would affirm.