No. 85-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

WILLIAM HAMMER and KARLA J. HAMMER,

        Petitioners,

   -vs-

THE JUSTICE COURT OF LEWIS & CLARK
COUNTY, STATE OF MONTANA, BERNARD
McCARTHY, et al.,

        Respondents.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

     For Petitioners:

         Daniel J. Shea argued, Helena, Montana

     For Respondents:

         Hon. Mike Greely, Attorney General, Helena, Montana
         Clay Smith argued, Asst. Atty. General, Helena
         Bernard McCarthy, Judge, Justice Court, Helena
         Nick Jacques, Helena, Montana

               Submitted:  April 8, 1986

                 Decided:  June 10, 1986

Filed:  JUN 10 1986

_____
             Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is a petition in original jurisdiction for a declaratory judgment that § 3-15-203(2), MCA and Rule 14.F, M.J.R.Civ.P. which require prepayment of jury fees in justice courts are unconstitutional.

This case arises out of a suit brought in Justice Court of Lewis and Clark County by 5-D's Collections against William and Karla Hammer for $1,155.67 for medical services rendered by St. Peter's Community Hospital. The Hammers requested a jury trial. They were notified that under § 3-15-203, MCA and Rule 14.F, M.J.R.Civ.P., they must deposit a one-day jury fee of $144.00 with the court five days prior to trial. The notice stated that failure to pay the jury fee would mean no jury would be called.

The Hammers petitioned this Court in original jurisdiction seeking a declaratory judgment pursuant to §§ 27-8-101-313, MCA that the jury fee laws are unconstitutional, because they deprive petitioners of their right to trial by jury under Art. II, § 26, 1972 Mont. Const.

Art. VII, § 2, 1972 Mont. Const. provides we may "issue, hear, and determine writs of habeas corpus and such other writs as may be provided by law." In Grossman v. State (Mont. 1984), 682 P.2d 1319, 1322, 41 St.Rep. 804, 805, we stated that this Court has the authority to accept original jurisdiction where the issues are of statewide impact and where the purpose of the declaratory judgment proceeding will serve the office of a writ. In Montana Power Company v. Public Service Commission (Mont. 1984), ___ P.2d ___, 41 St.Rep. 1601, we assumed original jurisdiction because delay

could result in irreparable harm and assumption of jurisdiction would promote judicial economy. In this case we have a justiciable controversy which has statewide impact, in that the jury fee laws apply to all justice courts. Delay could result in abridging vital constitutional rights of litigants. The purpose of this declaratory judgment serves the office of a writ, and it would promote judicial economy to accept jurisdiction rather than forcing piecemeal litigation as to the constitutionality of the statute. We therefore accept jurisdiction.

The jury fee laws are set out in § 3-15-203, MCA which states:

> (1) A jury panel member, in both civil and criminal actions, shall receive a fee of $12 per day for attendance before a court not of record and a mileage allowance, as provided in 2-18-503, for traveling each way between his residence and the court. A jury panel member selected for a case shall receive an additional $13 per day while serving.
>
> (2) In civil actions, the jurors' fees must be paid by the party demanding the jury and taxed as costs against the losing party.

This statute is implemented by Rule 14.F, M.J.R.Civ.P.:

> (1) The party demanding a jury trial shall pay jurors' fees as set out in section 3-15-203, MCA, and such fee shall be taxed as costs against the losing party as determined by the court.
>
> (2) Deposit, each additional trial day. At or before the end of each day of jury trial, the justice shall require the parties to deposit an amount sufficient to pay juror's fees for the next trial day. Failure to make the deposit for the next day's juror's fees shall constitute a waiver of the continuance of a jury trial and the trial shall continue before the court as a nonjury trial.
>
> (3) Taxed as costs. The deposits for juror's fees required under (1) and (2) of this rule shall be taxed as costs against the losing party.

Petitioners argue that these statutes violate Art. II, §
26, 1972 Mont. Const.:    "The right of trial by jury is
secured to all and shall remain inviolate.. . ."

Respondent argues that the jury fee laws are
constitutional for three reasons.  First, he argues prior
Montana case law has held the constitution guarantees the
right to jury trial in the class of cases in which the right
was enjoyed when the constitution was adopted.  In Re C.L.A.
(Mont. 1984), 685 P.2d 931, 41 St.Rep. 1444.  In Re C.L.A.,
held the right to jury trial does not exist in civil
proceedings to terminate parental rights because our state
constitution guarantees the right to jury trial only in cases
in which the right was enjoyed when the constitution was
adopted.  However, this case is not dispositive because the
right to jury trial in justice court existed when the 1889
Constitution was adopted and was not changed by the 1972
Constitution.   Art. III, § 23, 1889 Mont. Const., § 1080
General Laws of Montana (1887); Art. II, § 26, 1972 Mont.
Const.; § 25-31-804, MCA.  The issue here is not whether or
not the right to jury trial exists in civil cases in justice
courts, the issue is the interpretation of the language, "and
shall remain inviolate."

Second, respondent cites cases from several other
jurisdictions which have upheld jury fees against a right to
jury trial challenge and argues that jury fees are a
permissible procedural restraint on jury trials.

This Court, on several prior occasions, has been called
on to interpret the right to jury trial in Montana.  In
Linder v. Smith (Mont. 1981), 629 P.2d 1187, 38 St.Rep. 912,
we held mandatory submission of claims to the medical
malpractice panel did not unconstitutionally interfere with

- 4 -

the right to jury trial. We stated that changes which affect the form but not the substance of the right may pass constitutional muster. In North Central Services v. Hafdahl (Mont. 1981), 625 P.2d 56, 38 St.Rep. 372, we held the small claims procedure in Justice Court unconstitutionally deprived litigants of the right to trial by jury. The small claims procedure made no provision for a jury trial in justice court and prohibited trial de novo on appeal. We held it was unconstitutional to deny the right to jury trial totally, but that the right to jury trial remains inviolate if there is provided an appeal to the district court.

Neither of those cases is directly on point. The issue here is whether the laws requiring prepayment of jury fees for civil cases in justice courts conflict with the constitutional guarantee that the right to jury trial shall remain inviolate. As we decide this issue we are cognizant of the importance of the right to trial by jury.

The right to trial by jury is guaranteed by the Federal Constitution in Art. III, § 2. Fear that jury trial may be abolished was one of the principal sources of objection to the Federal Constitution and an important reason for the adoption of the Bill of Rights. Schick v. United States (1904), 195 U.S. 65, 78, 24 S.Ct. 826, 831, 49 L.Ed. 99, 105-6. The Sixth Amendment reaffirmed the right to jury trial in criminal cases and the Seventh Amendment insured jury trial in civil cases. In the 1972 Montana Constitution the right is guaranteed in three places: Art. II, § 7, Art. II, § 24 and Art. II, § 26.

We are also aware of the increasing importance of justice courts in the judicial system. In fact, many citizens of this state will have their only contact with the

- 5 -

judicial system in justice court. The justice courts have jurisdiction over misdemeanors punishable by a fine of up to $500 or imprisonment for up to six months or both and concurrent jurisdiction for misdemeanors punishable in excess of those figures. Section 3-10-303, MCA. The justice courts also have jurisdiction in civil matters for damages claimed up to $3,500. Section 3-10-301, MCA.

We hold that the plain meaning of the constitution controls and that the legislative enactment of § 3-15-203, MCA, restricts the inviolate right to jury trials in justice court. We so hold for two reasons. First, the plain language of the constitution mandates it. Any other construction renders the language of the constitution meaningless. Second, the jury fees paid by the party demanding a jury trial are taxed as costs against the losing party. Section 25-31-1004, MCA. This suggests that the statute which requires prepayment of jury fees is not a true mechanism for recovery of costs but rather a device to discourage the exercise of the right to jury trial. As Justice Black stated in the case which declared the right to trial by jury a fundamental right:

> Trial by jury in a court of law and in accordance with traditional modes of procedure after an indictment by grand jury has served and remains one of our most vital barriers to governmental arbitrariness. These elemental procedural safeguards were embedded in our Constitution to secure their inviolateness and sanctity against the passing demands of expediency or convenience.

Reid v. Covert (1957), 354 U.S. 1, 10, 77 S.Ct. 1222, 1227, 1 L.Ed.2d 1148, 1160.

The right to jury trial is not inviolate if it is accorded only to those who can afford to pay for it. Jury trials should not be available in Montana on a pay-as-you-go

basis. The idea that justice can be bought is analogous to the sin of simony which was the practice of buying the souls of friends and relatives out of purgatory and into heaven which inspired this verse:

As soon as the coin in the coffer rings,
The soul from purgatory springs.

We accept this petition for original jurisdiction and declare § 3-15-203(2), MCA and Rule 14.F, M.J.R.Civ.P. unconstitutional.

_John C. Shelby_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_Fred J. Weber_

_____

_____

_William E. Hunt_
Justices

- 7 -

Mr. Justice Fred J. Weber dissents as follows:

The majority holds that the plain meaning of the Montana Constitution controls and that the legislative enactment of § 3-15-203, MCA, (which provides for justice court jury fees) restricts the inviolate right to jury trials in justice court. The majority then concludes that the provisions of that code section together with Rule 14.F, M.J.R.Civ.P., are unconstitutional. I disagree with the holding and conclusion.

The majority refers to North Central Services, Inc. v. Hafdahl (Mont. 1981), 625 P.2d 57, 38 St.Rep. 372, and concludes that the case is not directly in point. In contrast, I believe North Central Services is directly in point and mandates a conclusion contrary to the majority opinion.

As above pointed out, the majority opinion concludes that the code section on jury fees in justice court "restricts the inviolate right to jury trials in justice court." That directly contradicts the position taken in North Central Services. In that case we stated the question as whether or not a jury trial is required in small claims court. The majority in that opinion concluded:

> We hold that the constitutional right to trial by jury is satisfied if it is granted at the District Court level, though denied at the small claims level.

North Central Services, 625 P.2d at 58. While it is true that in North Central Services we held that a code section was unconstitutional, we did so on the basis that it effectively denied the right to trial by jury at both the small claims court and district court level, and concluded that was

8

unconstitutional. The circumstances are different with regard to justice courts.

Section 3-5-303, MCA, provides that the district court has appellate jurisdiction in cases arising in justice courts. Section 25-33-301, MCA, provides that all appeals from justice courts must be tried anew in the district court. That section further provides that when the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court. Applying the rationale of North Central Services, because the statutes clearly grant a right of trial by jury in the trial anew at the district court level, we must conclude that the constitutional right to a trial by jury has been satisfied with regard to claims made in justice court.

In accord with North Central Services, I would therefore hold in the present case that the constitutional right to trial by jury at the justice court level is satisfied because it is granted at the district court level. There has been no denial of a constitutional right to trial by jury.

The majority opinion emphasizes that the right to trial by jury is one of our vital barriers to governmental arbitrariness which are imbedded in our Constitution. I agree with that theory as a general principle. However, I question that it applies to the present facts.

I believe it important to consider another provision of our Montana Constitution, Art. VII, § 4(2). That section states in part as follows with regard to the jurisdiction of district courts:

> (2) The district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law. . .

9

If the right to a factual determination by a jury were constitutionally necessary at the justice court level, as suggested by the majority, then that factual determination by a jury should be binding in subsequent determinations. However, in our Constitution, the people of Montana have chosen to allow a trial anew at the district court level, thereby eliminating the significance of a jury determination at the justice court level. If the jury determination were fundamentally important as suggested in the majority opinion, those findings of fact would not be disturbed. Contrast these provisions to the treatment of jury fact determinations by the district court, which must be accepted by appellate courts. Appellate courts are not allowed to make independent factual determinations.

We are required to balance constitutional provisions. Because a right of trial anew is granted after an appeal of a justice court judgment, we may properly conclude that North Central Services was correct when it held that the constitutional right to trial by jury is satisfied where it is granted at the district court level.

_____
Justice

Mr. Justice L.C. Gulbrandson joins in the foregoing dissent of Mr. Justice Fred J. Weber.

_____
Justice

10