No. 88-79

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

BRADLEY E. BENDER,

      Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Steven D. Nelson, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena
A. Michael Salvagni, County Attorney, Bozeman, Montana
Jennifer Bordy, Deputy County Atty., Bozeman, Montana

---

Submitted on Briefs:  June 9, 1988

Decided:  June 21, 1988

Filed:  JUN 2 1 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District, Gallatin County, Montana. We vacate the District Court's judgment and remand to the District Court for a new trial by jury.

The issue on appeal is: Does an appellant who has waived a trial by jury in Justice Court and thereafter appeals his conviction to the District Court have the right to a trial by jury in the District Court?

Appellant, Bradley E. Bender was charged in Justice Court, Gallatin County, with a misdemeanor. Appellant waived trial by jury and was tried by the Justice of the Peace in a bench trial. The Justice Court found the appellant guilty, and he appealed to the District Court. Counsel for appellant on November 6, 1987, informed the District Court that his client requested a jury trial. The District Judge, upon learning that there had not been a jury trial in Justice Court, ruled that appellant was not entitled to a trial by jury in the District Court. On January 8, 1988, immediately prior to trial in the District Court, counsel for appellant objected to trial without a jury. The District Court again ruled that appellant was not entitled to a jury trial. After a bench trial, the District Court found the appellant guilty of the offense charged.

As counsel for respondent, the Attorney General of the State of Montana notes that appellant made a timely request for a jury trial in the District Court and recommends that this case be remanded to the District Court with instructions

to afford the appellant a trial by jury unless a written waiver is filed pursuant to § 46-16-102, MCA, which provides:

> (1) Defendants in all criminal cases shall have a right to trial by jury not to exceed 12 in number. The parties may agree in writing at any time before the verdict, with the approval of the court, that the jury shall consist of any number less than 12.
>
> (2) Upon written consent of the parties, a trial by jury may be waived.

The Constitution of the State of Montana, Article II, Sec. 24, provides:

> In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, _and a speedy public trial by an impartial jury_ of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same. (Emphasis added.)

Section 46-17-311(1), MCA, provides:

> (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.

3

See, Adair v. Lake County Justice Court (Mont. 1984), 692 P.2d 13, 41 St.Rep. 2241, and City of Hardin v. Myers (Mont. 1981), 633 P.2d 677, 38 St.Rep. 1512.

The judgment of the District Court finding defendant guilty is vacated and this cause is remanded to the District Court for a trial anew before a jury.

John Conway Harrison.
Justice

We concur:

Justices