No. 98-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 320

RICHARD QUINTON WOIRHAYE,

Relator,

v.

MONTANA FOURTH JUDICIAL DISTRICT

COURT, MISSOULA COUNTY, THE

HONORABLE JOHN S. HENSON, Presiding Judge,

Respondent.

<u>ORIGINAL PROCEEDING</u>

COUNSEL OF RECORD:

For Relator:

Richard R. Buley, Tipp & Buley, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Chris Tweeten,

Assistant Attorney General, Helena, Montana

Karen Townsend, Deputy County Attorney, Missoula, Montana

Heard and Submitted: November 19, 1998

Decided: December 23, 1998

Filed:

No

———————————————————————————

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. In this case, Richard Quinton Woirhaye seeks a writ of supervisory control regarding a decision of the Fourth Judicial District Court, Missoula County. That court upheld the constitutionality of § 46-17-201(3), MCA, against Woirhaye's claim that the statute violated his right to trial by jury. In a June 2, 1998 order, we accepted supervisory control. We now hold that § 46-17-201(3), MCA, violates the right to trial by jury.**

**¶2. The issue is whether § 46-17-201(3), MCA, infringes upon the rights guaranteed under Article II, Sections 24 and 26 of the Montana Constitution by allowing a misdemeanor criminal defendant to exercise his right to a jury trial only once, in either justice court or in district court on trial *de novo*.**

**¶3. In March 1997, Richard Quinton Woirhaye was charged with a misdemeanor offense of driving under the influence of alcohol (DUI) in Missoula County, Montana. Inasmuch as the offense was a misdemeanor, the complaint was brought before the Missoula County Justice of the Peace, pursuant to § 3-10-303, MCA.**

**¶4. Woirhaye asserted his right to a jury trial at that proceeding, and the justice court jury convicted him of the DUI charge. Woirhaye then appealed to the District Court for a trial *de novo* pursuant to Article VII, Section 4(2), of the Montana Constitution and § 46-17-311, MCA.**

**¶5. Section 46-17-201(3), MCA, provides:**

A defendant in a misdemeanor case filed in justice's or city court is limited to one jury

trial, either in justice's or city court or on appeal to the district court. The defendant shall either elect a jury trial in justice's or city court or reserve jury trial for the district court in the event of conviction and subsequent appeal to the district court. The defendant's election or reservation must be noted by the court on the face of the charging document.

Wishing to be tried by jury in the District Court, Woirhaye moved that court to declare that § 46-17-201(3), MCA, violated his right to jury trial and was therefore unconstitutional. The court entered an order and supporting memorandum of law denying Woirhaye's motion. Woirhaye then applied to this Court for a writ of supervisory control, and this Court accepted jurisdiction.

## Discussion

**¶6. Does § 46-17-201(3), MCA, infringe upon the rights guaranteed under Article II, Sections 24 and 26 of the Montana Constitution, by allowing a misdemeanor criminal defendant to exercise his right to a jury trial only once, in either justice court or in district court on trial *de novo*?**

**¶7. Once this Court has accepted supervisory control, as we have in this case, our standard of review of constitutional questions is plenary. If, upon presentation of a matter to the Court by means of a writ, it is apparent from the record that a relator will be deprived of a fundamental right, both justice and judicial economy require the Court to then resolve the issue in favor of the relator. *State ex rel. Coburn v. Bennett* (1982), 202 Mont. 20, 34, 655 P.2d 502, 509.**

**¶8. Section 46-17-201(3), MCA, contains the substantive provisions of Chapter 129, L. 1997. The sponsor of this legislation described it as a bill which "streamlines the process [of criminal misdemeanor trials] and saves counties money and citizens time on juries." *Testimony of sponsor at hearing before Montana Senate Judiciary Committee, March 7, 1997.* The other provisions of the Act, codified at §§ 46-7-102(1)(g) and 46-17-311(1), MCA, require the justice of the peace to inform misdemeanor criminal defendants of their "right to elect one jury trial," and reiterate that jury trial on appeal to district court is available only if jury trial was not elected in justice court.**

**¶9. The right to trial by a jury of one's peers has been part of the Anglo-American**

concept of justice since the Magna Carta was signed in the year 1215. Chapter 39 of the Great Charter provides: "No free man shall be taken, imprisoned, disseised, outlawed, banished, or in any way destroyed, nor will We proceed against or prosecute him, except by the lawful judgment of his peers and by the law of the land." Like other concepts articulated in the Magna Carta, the concept of the right to trial by jury has flourished and, in fact, expanded over time.

¶10. In the United States, the right to trial by jury is guaranteed under Article III, Section 2, clause 3, and the Sixth Amendment to the United States Constitution. The Sixth Amendment right to trial by jury was made applicable to the States under the Due Process Clause of the Fourteenth Amendment.

¶11. In addition, the right to trial by jury is guaranteed under the Montana Constitution. Article II, Section 24, Montana Constitution, sets forth the rights of the criminally accused:

In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same. [Emphasis supplied.]

Article II, Section 26, of the Montana Constitution states that "[t]he right of trial by jury is secured to all and shall remain inviolate," and further provides that "[i]n all criminal actions, the verdict shall be unanimous."

¶12. In denying Woirhaye's motion regarding jury trial, the District Court relied upon *Ludwig v. Massachusetts* (1976), 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732. In *Ludwig*, the United States Supreme Court upheld Massachusetts' two-tiered system of trial courts for criminal cases, in which an initial trial held before a judge sitting as the finder of fact could be appealed to a higher court in which the defendant could obtain a jury trial. The Court held that Massachusetts' two-tiered system "absolutely guarantees trial by jury to persons accused of serious crimes and . . . is fair and not unduly burdensome." *Ludwig*, 427 U.S. at 630, 96 S.Ct. at 2788, 49 L.Ed.2d at 741.

¶13. Unlike the issue in the present case, the issue in *Ludwig* related to the right to jury trial as guaranteed under the United States Constitution. The question was further limited to the extent of the Sixth Amendment right to jury trial ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . "), made applicable to the States through the Fourteenth Amendment. As the Court pointed out, the Article III, Section 2, clause 3 provision of the United States Constitution stating that "[t]he Trial of all Crimes . . . shall be by Jury" does not apply to the States and was therefore not at issue.

¶14. Additionally, when interpreting our own State Constitution, we have refused to "march lock-step" with the United States Supreme Court's interpretation of corresponding provisions in the federal constitution. *State v. Bullock* (1995), 272 Mont. 361, 384, 901 P.2d 61, 75. This is especially true where, as here, the language of the Montana Constitution setting forth the rights guaranteed is not identical to the language used in the federal Constitution.

¶15. In interpreting a constitutional provision, the intent of the framers of the constitutional provision controls its meaning. *Keller v. Smith* (1976), 170 Mont. 399, 405, 553 P.2d 1002, 1006. The intent of the framers should be determined from the plain meaning of the words used. If that is possible, no other means of interpretation are proper. *Keller*, 170 Mont. at 405, 553 P.2d at 1006.

¶16. The guarantees of the Montana Constitution are plain on their face in that an accused has an absolute right to a trial by jury "[i]n all criminal prosecutions." Art. II, Sec. 24, Mont. Const. Further, in all criminal cases an accused has the right to have the jury return a unanimous verdict. Art. II, Sec. 26, Mont. Const.

¶17. These provisions in the Montana Constitution were modeled after Article III, Sections 16 and 23 of the 1889 Montana Constitution, with some changes. A comparison of the 1889 and the 1972 Montana Constitutions shows that the intent of the framers of the present Constitution was to strengthen the jury trial right in misdemeanor cases. Under Article III, Section 23 of the 1889 Montana Constitution, a person could be convicted of a misdemeanor by a jury verdict of two-thirds of the jury's number. However, the 1972 Montana Constitution strengthened the jury trial right by providing that in all criminal actions, both felony and misdemeanor, the verdict of the jury must be unanimous. Art. II, Sec. 26, Mont. Const.

¶18. The State argues that Article II, Section 24 of the Montana Constitution only guarantees the right to "a . . . trial by an impartial jury" (emphasis added) in all criminal prosecutions. The State asserts that as long as one jury trial is provided, the constitutional guarantee is satisfied.

¶19. The right to trial by jury is guaranteed not only under Article II, Section 24, but also under Article II, Section 26 of the Montana Constitution: "The right of trial by jury is secured to all and shall remain inviolate." The State's argument is not persuasive when measured against the language of Section 26.

¶20. The State also points out that Article VII, Section 4(2) of the Montana Constitution clearly allows for the possibility that laws might be enacted making appeals to district court from justice court not *de novo*. However, that provision of the Constitution is not implicated in this case. Section 46-17-201(3), MCA, does not alter the *de novo* nature of appeals from justice court to district court. Moreover, the absence of a guarantee of *de novo* review does not diminish the right to jury trial in fact finding forums.

¶21. The parties disagree as to whether trial *de novo* in district court is a different prosecution from the one in justice court. We note that it is a different prosecution in the sense that both the State and the defense are free to bring in new evidence and make new arguments at trial *de novo* in district court.

¶22. In addition, and regardless of whether justice court and district court proceedings constitute one prosecution or two, it is undisputable that § 46-17-201(3), MCA, acts, in effect, as a forced waiver of the right to a jury trial either at the justice court level or at the district court level. Under this statute, if errors occurred in a justice court jury trial during voir dire, empaneling of the jury, presentation of evidence to the jury, or instructions to the jury, the defendant could not raise these issues on appeal to district court, since an appeal to that court must be by trial *de novo.* Those issues would not be reviewable by any court, nor would the defendant be entitled to a jury trial in district court. If there were a defect in the jury process in justice court, the only remedy under the statute would be appeal and trial *de novo* before a judge, not a jury, in district court. This results in the very real possibility that a misdemeanor criminal defendant may be granted no valid jury trial at all.

¶23. The State cites *North Central Services, Inc. v. Hafdahl* (1981), 191 Mont. 440, 625

P.2d 56, as authority in support of the constitutionality of § 46-17-201(3), MCA. *Hafdahl* involved a challenge to the small claims court procedure established under Title 25, Chapter 35, MCA (1979). That statutory procedure made no provision for a jury trial in small claims court. This Court stated in that opinion that the constitutional right to trial by jury was satisfied if it was granted at the district court level, though denied at the small claims level. *Hafdahl*, 191 Mont. at 444, 625 P.2d at 58.

¶24. That language, however, is *dicta* and not the basis for the holding in *Hafdahl*. The critical holding on the jury trial issue in *Hafdahl* hinged on the statutory provision that an appeal from small claims court was limited to questions of law and was not a trial *de novo* in district court. This Court held that because appeals from small claims court were limited to questions of law, the statute unconstitutionally violated the right to jury trial by effectively denying the right to trial by jury at all levels. *Hafdahl*, 191 Mont. at 444-45, 625 P.2d at 59.

¶25. It is clear to this Court that under Montana's Constitution, a defendant has an absolute right not to be convicted of a misdemeanor by less than a unanimous jury. Section 46-17-201(3), MCA, however, forces a misdemeanor defendant to be convicted by a judge, either in justice court or in district court, rather than by a unanimous jury.

¶26. We decline to follow the *dicta* in *Hafdahl* that the right to trial by jury is satisfied if it is granted at the district court level although denied at the small claims court level, and we will not follow the *dicta* in *Hafdahl* in future cases. We hold that because it impinges upon rights guaranteed under the Montana Constitution, § 46-17-201(3), MCA, is unconstitutional and therefore must be stricken from the laws of this State. For the same reason, the provisions of Chapter 129, L. 1997, which have been codified at §§ 46-7-102(1)(g) and 46-17-311(1), MCA, are stricken as well.

¶27. It is so Ordered.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.