No. 98-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 144

295 Mont. 13

983 P.2d 902

BALYEAT LAW, P.C., as Trustee,

Plaintiff and Respondent,

v.

JIM R. HARRISON and CAROLYN HARRISON,

Defendants and Appellants.

No

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Laurence J. Ginnings, Attorney at Law, Missoula, Montana

For Respondent:

Regan Whitworth; Balyeat Law Offices, Missoula, Montana

Submitted on Briefs: January 28, 1999

Decided: June 18, 1999

Filed:

_____

No

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Appellants Jim and Carolyn Harrison (the Harrisons) appeal from the judgment of the Fourth Judicial District Court, Missoula County, ordering them to pay medical bills to Respondent Balyeat Law, P.C. (Balyeat).**

**¶2. We affirm in part and reverse in part.**

**¶3. We restate the issues as follows:**

**¶4. 1. Whether Balyeat is a proper party to the action.**

**¶5. 2. Whether the District Court erred in denying the Harrisons' request for a jury trial.**

Standard of Review

**¶6. We review a district court's conclusions of law to determine whether they are correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.**

Factual and Procedural Background

**¶7. In 1994, Balyeat, acting as a trustee, filed a Complaint against the Harrisons in the Justice of Peace Court in Missoula County. In March, 1995 the case was heard in Justice Court without a jury. Balyeat sought payment for medical care provided to the Harrisons' children by Missoula Community Hospital, Missoula Radiology, and Western Montana Pathology Consultants. The Justice of the Peace granted the Harrisons' motion to dismiss.**

¶8. Balyeat filed a notice of appeal in April, 1995. In May, 1995 the Harrisons submitted a motion for Rule 16 schedule and demand for jury trial. Balyeat objected to the demand for jury trial; the District Court denied the Harrisons' request for jury trial. The District Court reasoned that under § 25-33-301, MCA, the District Court trial must be based on the pleadings filed in Justice Court. Because the Harrisons failed to request a jury trial in Justice Court, the District Court concluded that the Harrisons also waived their right to trial by jury in District Court. In November, 1997 the District Court held a one-day trial. In its findings of fact and conclusions of law, the District Court ruled in favor of Balyeat and ordered that the Harrisons pay Balyeat $1056.76 and costs of the action. The Harrisons appeal that judgment and order.

Discussion

¶9. 1. Whether Balyeat is a proper party to the action.

¶10. The Harrisons argue that Balyeat is not a proper party to this suit and that Balyeat has acquired an interest in claims for the purpose of bringing suit "under certain contingencies," in violation of § 37-61-408, MCA. The Harrisons argue further that the District Court erred in admitting Balyeat's exhibit seven and the testimony of a financial officer for Missoula Community Hospital, Cheryl Hall (Hall).

¶11. Balyeat responds that it never acquired a beneficial interest in the accounts at issue and that it has not violated § 37-61-408, MCA. Section 37-61-408, MCA, prohibits attorneys from buying claims or demands for the purpose of bringing actions. Further, Balyeat argues that there was undisputed testimony that Balyeat was a trustee of the claims and had no beneficial interest in them. Finally, Balyeat argues that its conduct is consistent with Montana State Bar Ethics Opinion 910529.

¶12. We conclude that the Harrisons' contention that Balyeat is not a proper party lacks merit. The Harrisons raise a particular challenge only to the trust agreement between Balyeat and Missoula Community Hospital. That trust agreement was admitted as Balyeat's exhibit 7, and provided in pertinent part:

The beneficiary hereby transfers, sets over and assigns unto Balyeat Law Offices, P.C., as trustee, all right, title, and interest to claims arising from all accounts to be assigned for collection with full power to collect, sue, compromise, endorse remittence or settle said

claims in the name of Balyeat Law Offices, P.C., as trustee, provided however that no claims will be sued upon nor compromised without beneficiary's consent.

This trust agreement established that Missoula Community Hospital retained a beneficial interest in the claims that Balyeat might bring. We note that the Harrisons do not claim that Balyeat has violated this trust agreement. Moreover, the trust agreement also addressed an important concern in State Bar Ethics opinion 910529:

As trustee capable of making decisions concerning the trust, and as attorney receiving a contingency fee, the attorney could face potential conflicts of interest. However, *the language of the trust agreement requiring beneficiary's consent to suit or compromising of claims removes a great deal of the conflict risk.*

State Bar Ethics Opinion 910529 at 72 (emphasis added). We agree that trust agreement language requiring a beneficiary's consent removes much of the risk of conflict. In the present case, the trust agreement expressly provides that "no claims will be sued upon nor compromised without beneficiary's consent." The Harrisons have failed to show that the accounts at issue were not properly transferred to Balyeat, and they have also failed to show that the trust agreement between Missoula Community Hospital and Balyeat was not properly established. We conclude that the record establishes that Balyeat is a trustee of the accounts at issue in the present case.

**¶13. Moreover, the Harrisons do not claim that the admission of Balyeat's exhibit 7 and Hall's testimony prejudiced their substantive rights. Thus, to the extent that the District Court may have abused its discretion in admitting that evidence, the error was harmless. *See* Rule 61, M.R.Civ.P. (providing in part that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). We hold that the District Court did not err in determining that Balyeat is a proper party in this action.**

**¶14. The Harrisons also conclude that Balyeat has violated § 37-61-408, MCA, by becoming involved in litigation for its personal economic benefit. The Harrisons make no showing that they raised this objection in District Court. We conclude that the Harrisons have failed to preserve this issue for our review. *See* Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15**

(concluding "[t]he general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory") (citation omitted).

¶15. 2. Whether the District Court erred in denying the Harrisons' request for a jury trial.

¶16. The Harrisons contend that when they waived their right to trial by jury in justice court, they did not waive their right to trial by jury on appeal in a trial *de novo* in district court. Relying on Ex Parte Graye (1907), 36 Mont. 394, 93 P. 266, the Harrisons argue that in appeals from justice court, the same procedures should be followed in criminal and civil cases. Further, the Harrisons rely on State v. Bender (1988), 232 Mont. 424, 756 P.2d 1157, to argue that a waiver of jury trial in justice court does not waive the right to jury trial on appeal in a trial *de novo* in district court.

¶17. Balyeat does not dispute that the Harrisons had a right to a trial by jury in district court but argues that under § 25-33-301, MCA, the Harrisons' waiver of their right to jury trial in justice court also waived their right to trial by jury in a trial *de novo* in district court. Balyeat contends that under Rule 81, M.R.Civ.P., § 25-33-301, MCA, supersedes Rule 38, M.R.Civ.P. Balyeat also argues that the same procedure need not be followed in civil and criminal cases, citing § 46-17-311, MCA, which allows a jury trial on appeal of a criminal case only if the defendant did not have a jury trial in the lower court.[(1)] Finally, Balyeat relies on White v. McGinnis (9th Cir. 1990), 903 F.2d 699, to argue that the Harrisons waived their right to a jury trial in district court by participating in the trial without objection.

¶18. In the present case, we determine whether the District Court erred in concluding that the Harrisons' waiver of their right to trial by jury in justice court waived their right to trial by jury in district court. Whether the Harrisons waived their right to trial by jury in district court is a question of law. We review a trial court's conclusions of law *de novo* to determine whether they are correct. Zimmerman v. Connor, 1998 MT 131, 289 Mont. 148, 958 P.2d 1195.

¶19. This Court has previously affirmed the right to trial by jury in appeals from lower court proceedings. *Bender*, the Court concluded that a criminal defendant who waived a trial by jury in justice court had a right on appeal to a trial by jury in

**district court. In Woirhaye v. Fourth Judicial Dist. Ct., 1998 MT 320, 55 St.Rep. 1298, 972 P.2d 800, the Court examined § 46-17-201(3), MCA, which allowed a misdemeanor criminal defendant to exercise his right to a jury trial once, either in justice court or in district court on trial *de novo*. The *Woirhaye* Court concluded that "it is undisputable that § 46-17-201(3), MCA, acts, in effect, as a forced waiver of the right to a jury trial either at the justice court level or the district court level." *Woirhaye*, ¶ 22. The *Woirhaye* Court concluded that §§ 46-17-201(3), 46-7-102(1)(g) and 46-17-311(1), MCA, impermissibly infringed on the right to a jury trial and struck them. *Woirhaye*, ¶ 26.**

**¶20. Moreover, in North Central Services, Inc. v. Hafdahl (1981), 191 Mont. 440, 625 P.2d 56, the Court considered a constitutional challenge to § 25-35-403(2), MCA, which provided that in appeals from small claims court, "[t]here shall not be a trial de novo in the District Court. The appeal shall be limited to questions of law." *Hafdahl*, 191 Mont. at 443, 625 P.2d at 58. The defendant in *Hafdahl* argued that the small claims procedure unconsti-tutionally deprived the defendant of the right to a trial by jury. The *Hafdahl* Court agreed and struck § 25-35-403(2), MCA, because "it effectively denies the right to trial by jury at all levels." *Hafdahl*, 191 Mont. at 444-45, 625 P.2d at 59.**

**¶21. In the present case, we begin with the pertinent statutory provisions. Section § 25-33-301, MCA, provides:**

**Trial de novo -- pleadings, conduct of trial. (1) All appeals from justices' or city courts must be tried anew in the district court on the papers filed in the justice's or city court unless the court, for good cause shown and on such terms as may be just, allow other or amended pleadings to be filed in such action. The court may allow new or amended pleadings to be filed. Each party has the benefit of all legal objections made in the justice's or city court.**

(2) When the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court. The provisions of this code as to trials in the district courts are applicable to trials on appeal in the district court.

Section 25-33-301, MCA.

¶22. Rule 38(a), M.R.Civ.P., provides that "[t]he right of trial by jury as declared by The Constitution of the State of Montana or as given by a statute of the state of Montana shall be preserved to the parties inviolate." Rule 38(b), M.R.Civ.P., provides:

**Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

Rule 38(b), M.R.Civ.P. Finally, Rule 81 provides that "[t]hese rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes." Rule 81(b), M.R.Civ.P.

¶23. We conclude that the District Court erred in determining that under § 25-33-301, MCA, a waiver of the right to trial by jury in justice court waives the right to trial by jury in a *de novo* trial on appeal in district court. The District Court did not clearly specify the conflict between § 25-33-301, MCA, and Rule 38 but determined:

The Defendants have waived their right to a jury trial in district court based upon the failure to demand a jury trial pursuant to the requirements of Rule 15(B), M.J.C.C.R.Civ. P. The Defendants cannot now demand a jury trial pursuant to Rule 38, M.R.Civ.P. That rule requires that the demand be made: (1) at the commencement of the action; or (2) within 10 days of the last pleading. Because this Court's trial is based upon the pleading filed in justice court, [Rule 38] is inconsistent with § 25-33-301, M.C.A., and pursuant to Rule 81, M.R.Civ.P., the statutory provision supersedes Rule 38, M.R.Civ.P. for purposes of this appeal.

Thus, relying on Rule 81, the District Court concluded that for purposes of jury trial demands in *de novo* trials in district court, § 25-33-301, MCA, supersedes Rule 38, M.R. Civ.P.

¶24. The District Court erred in disregarding the interplay of Rule 3, M.R.Civ.P., with Rule 38, M.R.Civ.P., and § 25-33-301, MCA. Rule 3, M.R.Civ.P., provides that a

civil action commences when a complaint is filed. When Rule 38 is read with Rule 3, jury trial demands must be made "at any time after the [filing of a complaint, but] not later than 10 days after the service of the last pleading directed [to an issue triable of right by a jury]." Rule 38, M.R.Civ.P. Thus, although § 25-33-301, MCA, is silent about jury trials, Rules 38 and 3 together provide in essence that jury trial demands must be made in justice court or the right to trial by jury will be effectively waived.

¶25. Under the District Court's attempted harmonization of § 25-33-301, MCA, with Rules 3 and 38, M.R.Civ.P., § 25-33-301, MCA, impermissibly infringes upon the right to trial by jury by providing in effect that jury trial demands are waived unless they are made first in justice court. We decline to insert a meaning into § 25-33-301, MCA, that would render this statute violative of the right to trial by jury. *Compare* § 1-2-101, MCA (providing "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted"). We conclude that the plain meaning of Rule 81(b), M.R.Civ.P., requires that Rules 3 and 38 be given meanings that are consistent with § 25-33-301, MCA, and the right to trial by jury. Accordingly, we hold that when a party makes a jury trial demand under Rule 38 for a *de novo* trial on appeal in district court, the action commences when the party serves and files notice of appeal pursuant to §§ 25-33-102 and -103, MCA. We hold further that in appeals from justice court, jury trial demands shall be made within ten days of the filing of notice of appeal.

¶26. In reaching these holdings, we conclude that § 25-33-301, MCA's limitation of appeals from justice court to the pleadings filed in justice court does not limit jury trial demands in appeals from justice court, because jury trial demands are not pleadings. Rule 38, M.R.Civ.P., expressly distinguishes demands for jury trials from pleadings, providing that jury trial demands may be filed no later than "10 days *after the service of the last pleading* directed to such issue." Rule 38(b), M.R.Civ.P (emphasis added). *See also* Rule 7, M.R.Civ.P. (recognizing only specific, limited forms of pleadings); 8 Moore's Federal Practice, § 38.50[3][b][iii] (Matthew Bender 3d ed.) (concluding that "[t]he 'last pleading' within the meaning of [Rule 38] will generally be an answer or reply, and is determined on a case-by-case basis"). Thus, Rule 38 jury trial demands made in appeals from justice court lie outside § 25-33-301, MCA's requirement that appeals from justice court be limited to pleadings filed in justice court.

**¶27. We turn to the last argument raised by Balyeat. Relying on *White*, Balyeat argues that by participating in the *de novo* district court trial, the Harrisons waived their right to a jury trial. Balyeat's reliance on *White* is mistaken. In *White*, appellant White, an Arizona state prison inmate, brought an action under 42 U.S.C. § 1983. White made a timely jury trial demand. However, the district court notified the parties that the case would have a trial to the bench. White never "brought his prior jury demand to the district court's attention during the five and one-half month period between the bench trial notice and the trial." *White*, 903 F.2d at 700. The *White* court concluded that White's participation without objection in his bench trial showed that he "clearly consented to a bench trial." *White*, 903 F.2d at 703. The *White* court held that "knowing participation in a bench trial without objection is sufficient to constitute a jury waiver." *White*, 903 F.2d at 703.**

**¶28. We decline to follow *White*. In *Woirhaye*, we determined that**

when interpreting our own State Constitution, we have refused to "march lock-step" with the United States Supreme Court's interpretation of corresponding provisions in the federal constitution. This is especially true where, as here, the language of the Montana Constitution setting forth the rights guaranteed is not identical to the language used in the federal Constitution.

*Woirhaye*, ¶ 14 (citation omitted). Moreover, in United States v. California Mobile Home Park Management Co. (9th Cir. 1997), 107 F.3d 1374, the plaintiff, Cohen-Strong, moved

several times for a jury trial before the commencement of the bench trial but participated in the bench trial without objection. The court in *California Mobile Home Park* concluded that "Cohen-Strong sufficiently contested the issue of her right to a jury trial." *California Mobile Home Park*, 107 F.3d at 1380.

**¶29. In the present case, we hold that the Harrisons did not waive their right to trial by jury when they participated in the District Court's bench trial without objection. By making a timely jury trial demand in district court, the Harrisons "sufficiently contested the issue of [their] right to a jury trial." *California Mobile Home Park*, 107 F.3d at 1380. Because our holdings are dispositive, we do not reach the Harrisons' argument that the District Court abused its discretion in asking questions of witnesses and Balyeat's claim that the Harrisons did not present adequate evidence**

**in support of their counterclaims.**

**¶30. We reverse and remand for a *de novo* trial by jury in district court.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY

1. [1] This statute was struck in Woirhaye v. Fouth Judicial Dist. Ct., 1998 MT 320, 55 St.Rep. 1298, 972 P.2d 800.