IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 3

DAVID E. McGILLIVRAY, WILLIAM J. BOONE,

STANLEY E. CARTER, LINDA SUSAN DAVIS, DALE C.

FREY, STACEY A. GROFF, RICHARD Q. WOIRHAYE,

MONTE JAY THOMAS, and RANDY L. WELLS,

Plaintiffs and Appellants,

v. No. 98-009

STATE OF MONTANA,

Defendant and Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

AARON R. MAKI,

Plaintiff and Appellant,

v. No. 98-157

STATE OF MONTANA,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District, in and for the County of

Missoula, Honorable Douglas G. Harkin Judge Presiding (98-009)

District Court of the Eighteenth Judicial District, in and for the County of

Gallatin, Honorable Mike Salvagni Judge Presiding (98-157)

COUNSEL OF RECORD:

For Appellants:

Bryan C. Tipp, Tipp and Buley, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Chris D. Tweeten,

Chief Counsel, Helena, Montana

Submitted on Briefs: November 19, 1998

Decided: January 7, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. In these consolidated appeals, the Plaintiffs and Appellants petitioned the Fourth Judicial District Court, Missoula County, and the Eighteenth Judicial District Court, Gallatin County, for declaratory judgment that §§ 46-7-102, 46-17-201(3), and 46-17-311(1), MCA, as amended by Ch. 129, L. 1997, violate their fundamental constitutional rights under the Montana Constitution. The District Courts denied the relief requested, and these appeals followed. We reverse.**

**¶2. The issue is whether the District Courts erred as a matter of law in dismissing the Plaintiffs' complaints for declaratory relief.**

**¶3. In August 1997, the Missoula County Plaintiffs, each of whom was then a defendant in a criminal proceeding before the Missoula County Justice Court, filed their complaint for declaratory relief in the District Court. They asked the court to declare that §§ 46-7-102, 46-17-201(3), and 46-17-311(1), MCA, violated their right to jury trial as guaranteed under the Montana Constitution by forcing them to choose between having a trial by jury in Justice Court or deferring the right to jury trial for a possible appeal to District Court.**

¶4. The State of Montana moved to dismiss the complaint, arguing that the issues raised could properly be addressed in the Plaintiffs' pending criminal actions and were therefore not appropriate for declaratory judgment. The District Court agreed. Stating that "the purpose of the Declaratory Judgment Act in Montana does not allow this Court to render such a decision," the District Court granted the State's motion to dismiss.

¶5. Plaintiff Maki appeals from a comparable ruling of the Eighteenth Judicial District Court, Gallatin County. Plaintiffs' request that the two causes be consolidated on appeal was granted by order of this Court on June 16, 1998.

Discussion

¶6. Did the District Courts err as a matter of law in dismissing the Plaintiffs' complaints for declaratory relief?

¶7. On appeal, this Court reviews a decision that declaratory judgment is not proper to determine whether the district court abused its discretion. *Brisendine v. State Dept. of Commerce* (1991), 253 Mont. 361, 364, 833 P.2d 1019, 1020. We review the conclusions on which the lower court's decision is based as we do all legal issues, to determine whether those conclusions are correct. *Ridley v. Guarantee Nat. Ins. Co.* (1997), 286 Mont. 325, 329, 951 P.2d 987, 989.

¶8. The purpose of the Uniform Declaratory Judgment Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Section 27-8-102, MCA. Under the Act, courts have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Section 27-8-201, MCA. Declaratory judgment is proper when a justiciable controversy exists: genuine and existing rights are affected by a statute; a judgment of the court can effectively operate on the controversy; and a judicial determination will have the effect of a final judgment upon the rights, status, or legal relations of the real parties in interest. *Gryczan v. State* (1997), 283 Mont. 433, 442, 942 P.2d 112, 117.

¶9. The State argues that an adequate remedy exists for any denial of constitutional rights in this case because each misdemeanor criminal defendant can appeal the denial of jury trial to this Court. By the State's scheme, each misdemeanor defendant

who wishes to enforce his constitutional right to trial by jury in all criminal prosecutions must first be convicted by jury in justice court. That defendant must then go through and pay for both a district court trial and an appeal to this Court before the uncertainty concerning that defendant's right to trial by jury can be adjudicated. If this Court then determines that the defendant had a right to jury trial in district court, that defendant must endure and pay for a new trial on remand. Only those defendants who have the financial resources and personal fortitude to endure four different court proceedings would be allowed to exercise their constitutional right to a trial by jury. Those who will not or cannot afford this extensive litigation would be denied their right.

¶10. This issue could be raised, but it could not be decided in the pending criminal prosecutions, either in justice court or in district court. The denial of this constitutional right could only be decided upon appeal to this Court when raised as a procedural defect in the underlying criminal proceedings. Declaratory judgment on this issue is therefore not prohibited by either *Goff v. State* (1962), 141 Mont. 605, 374 P.2d 862, or *State v. Wilson* (1972), 160 Mont. 473, 503 P.2d 522, as is argued by the State.

¶11. We hold that the District Courts erred in ruling that declaratory judgment was not proper in these cases. A justiciable controversy existed and there was no other reasonable remedy to reduce Plaintiffs' and Appellants' uncertainty as to their legal rights and status in the criminal actions pending against them.

¶12. As to the substantive issue on which declaratory judgment is sought, this Court decided that question in our recent opinion in *Woirhaye v. Fourth Judicial District*, 1998 MT 320. Sections 46-7-102, 46-17-201(3), and 46-17-311(1), MCA, as amended by Ch. 129, L. 1997, violate the right to a jury trial as guaranteed under the Montana Constitution. These matters are remanded with instructions that the District Courts enter declaratory judgment in favor of the Plaintiffs and Appellants.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER