DA 09-0540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 128

LOWELL HARRISON, JANIECE MYDLAND,
and LUE ANN JONES,

        Plaintiffs and Appellants,

   v.

SOL LOVAS,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2007-1617
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

      Larry Jent, Williams & Jent, LLP, Bozeman, Montana

      For Appellee:

      Thomas M. Welsch, Poore, Roth & Robinson, P.C., Butte, Montana

                  Submitted on Briefs:  April 28, 2010

                         Decided:  June 8, 2010

Filed:

        _____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Lowell Harrison, Janiece Mydland, and Lue Ann Jones (collectively, Plaintiffs) appeal from the order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment in favor of defendant attorney Sol Lovas. We affirm.

## ISSUES

¶2     Plaintiffs raise two issues on appeal:

¶3     Whether Lovas owed a duty to third-party beneficiaries of a family trust; and

¶4     Whether the statute of limitations bars the action.

¶5     Because our resolution of the first issue is dispositive, we need not discuss the second issue raised by Plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     George and Helen Harrison retained attorney Lovas in 1992 to establish the George and Helen Harrison Family Trust. The Harrison's five children were the ultimate beneficiaries of the Trust. Lovas was retained to prepare the necessary legal documents to establish the Trust and transfer property. Lovas completed this work, and Plaintiffs do not take issue with her performance in establishing the Trust.

¶7     The Harrisons met with Lovas in December 2000 to discuss amending the Trust to change the distribution of assets. In particular, the Harrisons discussed amending the distribution of certain parcels of real property. Under the proposed amendment, three of the Harrisons' children would receive additional assets at the expense of the other children. Lovas told the Harrisons at the meeting that in order for her to draft the amendment to the Trust, the Harrisons would have to provide her with additional

2

information. Lovas explained that she needed legal descriptions of the real property to be redistributed. The Harrisons did not provide the legal descriptions at that time.

¶8 George Harrison called Lovas in May 2001 to discuss the amendment, and Lovas informed Harrison that she had not yet completed the amendment because she was still waiting to receive descriptions of the property at issue. Lovas then sent follow-up letters in October 2002 and February 2003, but she never received a response from the Harrisons, nor did she receive the additional information she had requested. As a result, she did not amend the Trust. Helen Harrison died in July 2004 and George Harrison died in August 2004 without executing any documents amending the Trust.

¶9 Plaintiffs in this case, the three Harrison children who would have received additional assets at the expense of the other two children had the Trust been amended, filed suit against Lovas. They alleged that she had committed malpractice when she failed to complete the amendment and have it signed before George and Helen Harrison died. The District Court granted summary judgment in favor of Lovas on the grounds that Lovas owed no duty to Plaintiffs. The court also concluded that the statute of limitations barred Plaintiffs' malpractice claim against Lovas. Plaintiffs appeal.

## STANDARD OF REVIEW

¶10 We review de novo a district court's grant of summary judgment and apply the same criteria applied by the district court under M. R. Civ. P. 56(c). *N. Cheyenne Tribe v. Mont. Dep't of Envtl. Quality*, 2010 MT 111, ¶ 18, 356 Mont. 296, ___ P.3d ___. A district court properly grants summary judgment only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Pennaco*

3

*Energy, Inc. v. Mont. Bd. of Envtl. Review*, 2008 MT 425, ¶ 17, 347 Mont. 415, 199 P.3d 191.

**DISCUSSION**

¶11     *Whether Lovas owed a duty to third-party beneficiaries of a family trust.*

¶12     Plaintiffs maintain on appeal that the District Court erred in when it concluded that Lovas owed no duty to Plaintiffs because "it was clear that George and Helen Harrison wanted the amendment completed." Plaintiffs assert that as intended beneficiaries of the Trust amendment, they have a claim against Lovas for malpractice pursuant to our holding in *Watkins Trust v. Lacosta*, 2004 MT 144, 321 Mont. 432, 92 P.3d 620. Ultimately, Plaintiffs argue that whether Lovas had all the information necessary to complete the amendment is a question of material fact that precludes summary judgment. In response, Lovas contends that, as a matter of law, she owed no duty to Plaintiffs.

¶13     We observe at the outset that, contrary to Plaintiffs' characterization of the record, it is not self-evident that the Harrisons intended that the Trust be amended. The record reflects that Lovas needed, among other things, legal descriptions of the property to be transferred in order to complete the proposed amendment. It is not disputed that Lovas advised the Harrisons of this in her office, and again on the telephone and in two subsequent letters. The record does not reflect why the Harrisons failed to respond. The only thing that is clear from the record is that Lovas did not complete the amendment because the Harrisons failed to provide the information necessary to do so.

¶14     We are not in a position to know whether the Harrisons had changed their minds about amending the Trust. We decline to assume, as Plaintiffs do, that Lovas owed a

4

duty to Plaintiffs because "it was clear that George and Helen Harrison wanted the amendment completed." The record reflects no such clarity.

¶15 Plaintiffs rely on our decision in *Watkins Trust* for the proposition that Lovas owed them a duty of care. *Watkins Trust* involved a situation where trust documents had been improperly prepared. *See Watkins Trust*, ¶¶ 7-8. The drafting attorney told the personal representative that the trust was revocable, but she told Carolyn Watkins that the trust was irrevocable. *See id.* at ¶ 10. A named, nonclient beneficiary of the estate plan claimed that the drafting attorney owed him a duty. *See id.* at ¶ 21. Extensive litigation ensued. *Id.* at ¶¶ 13-14.

¶16 We stated that "[t]he duty owed to a nonclient beneficiary is a matter of first impression in Montana," but that "the majority rule in other jurisdictions supports standing in cases involving actions by named beneficiaries against drafting attorneys." *Id.* We concluded that whether the named beneficiary had standing to bring a legal malpractice action was "a factual issue that must be determined at trial, thus precluding summary judgment." *Id.* at ¶ 23.

¶17 The facts in this case are markedly different from the facts in *Watkins Trust*. *Watkins Trust* involved an executed trust and estate plan with named beneficiaries. Here, while Plaintiffs were named beneficiaries of an existing Trust, their complaint against Lovas is premised entirely upon a potential, unexecuted amendment to that existing Trust. The documents at issue in this case were never even prepared because the Harrisons failed to provide Lovas with information that she required. Plaintiffs in this

5

case therefore had merely a hope for, but no legal entitlement to, revised beneficiary status.

¶18    Plaintiffs acknowledge that they shared no attorney-client relationship with Lovas. The Harrisons were Lovas's clients, and it was to them that she owed a duty.  For reasons known only to the Harrisons, they never provided Lovas the information necessary to accomplish an amendment to the Trust.  Under these circumstances, we decline to place Plaintiffs' inchoate interests arising out of a proposed, unexecuted amendment to the Trust above the interests of Lovas's clients, the Harrisons.  Therefore, we conclude the District Court did not err in determining Lovas owed no duty to Plaintiffs, thus entitling Lovas to summary judgment.

¶19    Affirmed.

/S/ PATRICIA O. COTTER


We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

6