FILED

June 8 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0663

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 129

IN THE MATTER OF THE ESTATE OF
JUDITH N. MARCHWICK, f/k/a
JUDITH N. BURGESS, Deceased.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DP 07-57C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Douglas W. Marshall, Marshall Law Firm, Bozeman, Montana

For Appellee:

Thomas J. Stusek, Stusek Law Firm, Bozeman, Montana

Submitted on Briefs:   May 5, 2010

Decided:   June 8, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Brandy Burgess and Amy Burgess Smith appeal the Judgment of the Eighteenth Judicial District Court, Gallatin County.  We affirm.

¶2     We review the following issue on appeal:

¶3     *Did the District Court improperly issue a declaratory judgment?*

FACTUAL AND PROCEDURAL BACKGROUND

¶4     Judy Marchwick (Judy) executed her last will and testament, and an unfunded pour-over revocable living trust, on July 23, 2004.  Judy's trust expressed her intent to distribute a portion of her estate to her then husband, Ronald Burgess (Ronald).  Judy's trust distributed the remainder of her estate as follows: sixty percent to Kim Marchwick (Marchwick), her daughter from a previous marriage, and the remaining forty percent divided equally among Judy's stepchildren, Greg, Gary, Amy, and Brandy Burgess (collectively Burgess children).  Judy divorced Ronald on May 5, 2006.  Judy died unexpectedly on February 17, 2007, without having re-published her will since the July 23, 2004, version.

¶5     Marchwick filed an application of informal probate of will and appointment of personal representative on April 27, 2007.  The District Court named Marchwick personal representative of Judy's estate.  Marchwick filed a petition for a formal order acknowledging revocation of probate and non-probate transfers by divorce on June 13, 2008.  Marchwick sought declaratory relief under § 27-8-204, MCA.

¶6     Marchwick argued that § 72-2-814(2)(a)(i), MCA, had revoked the Burgess children's interests as a matter of law when Ronald and Judy were divorced.  The Burgess children

2

filed a motion to dismiss, or in the alternative, a motion for more definite statement on September 5, 2008. The court converted the proceeding to formal probate on October 25, 2008, and held a hearing on all pending matters on March 26, 2009.

¶7 The District Court granted Marchwick's petition on August 5, 2009. The court declared Marchwick the sole lineal descendant of Judy. The court named Marchwick the sole devisee under the trust. The court further granted the Burgess children's motion to direct entry of judgment pursuant to M. R. Civ. P. 54(b) from which the Burgess children appeal.

STANDARD OF REVIEW

¶8 We review for correctness a district court's interpretation of law pertaining to a declaratory judgment ruling. *Roe v. City of Missoula*, 2009 MT 417, ¶ 15, 354 Mont. 1, 221 P.3d 1200.

DISCUSSION

¶9 *Did the District Court improperly issue a declaratory judgment?*

¶10 The Burgess children argue that the District Court violated their due process rights by issuing its declaratory judgment. The Burgess children contend the court issued a "summary judgment in the form of a declaratory judgment, even though no civil action had been commenced by the filing of a complaint." The District Court determined that it had authority to issue a declaratory judgment "as requested by Marchwick pursuant to § 27-8-204(3), MCA."

3

¶11 Section 72-2-814(2)(a)(i), MCA, of the Uniform Probate Code voids any revocable disposition, or appointment, created by law, or in a governing instrument, "to a relative of the divorced individual's former spouse." The Burgess children are the biological children of Ronald. Ronald is "the divorced individual's"—Judy's—"former spouse." Section 72-2-814(2)(a)(i), MCA, automatically revokes appointments, such as Judy's pour-over living trust, that had named the Burgess children as devisees in light of Ronald's and Judy's divorce.

¶12 The Burgess children nevertheless argue that the court should have dismissed Marchwick's petition. The Burgess children contend that the court should have required Marchwick to file a pleading and properly serve the Burgess children as parties. The Burgess children suggest that this filing and proper service would have allowed them to conduct discovery under the Montana Rules of Civil Procedure. As the District Court pointed out, however, requiring Marchwick to re-file "would not provide the Burgesses with any opportunity not already presented to them."

¶13 We must determine whether § 72-2-814(2)(a)(i), MCA, operated—as a matter of law—to revoke that portion of Judy's pour-over trust that had granted a forty percent distribution to the Burgess children. No further process afforded to the Burgess children by the District Court would have changed the fact that § 72-2-814(2)(a)(i), MCA, revoked the interests of the Burgess children as a matter of law. Ronald's and Judy's divorce triggered application of § 72-2-814(2)(a)(i), MCA. The District Court correctly interpreted § 72-2-814(2)(a)(i), MCA.

¶14    Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE