DA 12-0018

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 141N

WILLIAM J. GOPHER,

        Petitioner and Appellant,

   v.

STATE OF MONTANA, LAKE COUNTY,
TWENTIETH JUDICIAL DISTRICT COURT,
AND THE HON. C.B. MCNEIL

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 05-116
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          William J. Gopher, self-represented, Great Falls, Montana

       For Appellee:

          Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Mitch Young, Lake County Attorney; Mark A. Russell, Deputy County
Attorney, Polson, Montana

                  Submitted on Briefs:  June 12, 2012
                           Decided:   July 3, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant William J. Gopher (Gopher) appeals the District Court's order denying his petition for declaratory judgment. We affirm.

¶3 The State of Montana charged Gopher with four felony counts in 2005 that arose from Gopher's bank robbery in Ronan. The charges included robbery, two counts of assault with a weapon, and intimidation.

¶4 Gopher entered guilty pleas to the charges, pursuant to a plea agreement, on October 26, 2005. The District Court sentenced Gopher on November 30, 2005, in accordance with the terms of the plea agreement. The court entered its written judgment and sentence on December 20, 2005.

¶5 Gopher filed a petition for writ of habeas corpus on October 14, 2009. He next filed a motion to withdraw his guilty plea on May 18, 2011. He later sought to amend his motion to a writ of error coram nobis. Gopher asserted that he should not have been convicted of four separate counts because the assault and intimidation charges involved "acts" contained in the robbery count based on the language of § 45-5-401(3), MCA.

¶6 The District Court denied Gopher's writ of error coram nobis on the basis that it was not timely pursuant to § 46-16-105(2), MCA. Gopher filed the motion more than one year

2

past the date that Gopher's judgment had become final. Gopher filed the petition at issue in this appeal on August 24, 2011, in which he alleged the same claims as in his motion to withdraw his guilty plea. The State responded and the District Court again denied Gopher's petition as untimely on November 2, 2011.

¶7 Gopher filed a notice of appeal on January 6, 2012. Gopher argues that his request for declaratory judgment accords with the exception made in *McGillivray v. State,* 1999 MT 3, 293 Mont. 19, 972 P.2d 804, regarding statutory time limits. The State disagrees.

¶8 We review for correctness a district court's interpretation of law pertaining to a declaratory judgment ruling. *In re Estate of Marchwick,* 2010 MT 129, ¶ 8, 356 Mont. 385, 234 P.3d 879. This Court reviews a district court's conclusions of law to determine whether they are correct. *Connor v. City of Dillon,* 2012 MT 21, ¶ 6, 364 Mont. 8, 270 P.3d 75. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly applied the procedural time bar to Gopher's claim.

¶9 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT

3

/S/ PATRICIA COTTER
/S/ JIM RICE