FILED

December 16 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0294

DA 14-0294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 330N

BRANDY BURGESS and AMY BURGESS SMITH,

        Plaintiffs and Appellants,

    v.

MARK BRYAN,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2010-157
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Douglas W. Marshall, Marshall Law Firm, P.C., Bozeman, Montana

        For Appellee:

            J. Daniel Hoven, W. John Tietz, Browning, Kaleczyc, Berry
& Hoven, P.C., Helena, Montana

                    Submitted on Briefs:  November 6, 2014
                                Decided:  December 16, 2014

Filed:

_____
                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brandy Burgess and Amy Burgess Smith ("Burgess") appeal from the order of the First Judicial District Court, Lewis and Clark County. On appeal, Burgess raised the following issues: (1) whether the District Court erred when it dismissed their amended complaint, and (2) whether the District Court erred when it granted Mark Bryan's Motion for Protective Order and awarded attorney's fees and costs. We affirm.

¶3 Judy Marchwick married Ronald Burgess in 1981. Judy had one child, Kim, from a previous marriage. Ronald had four children: Amy, Brandy, Greg, and Gary. Through the assistance of her lawyer, Mark Bryan, Judy executed a will on July 23, 2004. The will created a pour-over trust, wherein 60% of Judy's assets would be distributed to Kim and 40% to her stepchildren.

¶4 Judy and Ronald divorced in May 2006. Judy did not execute a new will after the divorce. Judy died on February 17, 2007. After Judy's death, Kim filed an application of informal probate in the Eighteenth Judicial District and a lengthy legal conflict arose between the Burgess children and Kim. The extensive history of the case can be found at *In re Estate of Marchwich,* 2010 MT 129, 356 Mont. 385, 234 P.3d 879.

2

¶5      While that appeal was pending in this Court, Burgess filed a new complaint in the First Judicial District, Lewis and Clark County and later amended the complaint.  The amended complaint asserted various claims against Kim, the State of Montana, and Mark Bryan.  Claims against Bryan included breach of contract, negligence, and breach of fiduciary duty.  Bryan moved to dismiss the claims.

¶6      In November 2013, Judge Menahan granted Bryan's motion, dismissed the case, and a judgment was entered.  Burgess then filed a number of motions including a motion to file a second amended complaint and a motion to compel discovery.

¶7      On December 18, 2013, Bryan sent a letter to Burgess, demanding that they withdraw the discovery request.  When Burgess failed to withdraw the request, Bryan moved for a protective order and attorney's fees.  Judge Menahan denied Burgess' pending motions and granted Bryan's request for a protective order and attorney's fees. After a hearing, Judge Menahan awarded Bryan $2,997.40 in attorney's fees and costs. Burgess now appeals the District Court's dismissal of their amended complaints and the order to pay attorney's fees.

¶8      This Court reviews de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6).  *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, 89 P.3d 6.  "The determination that a complaint fails to state a claim is a conclusion of law that we review to determine whether the court's interpretation of the law is correct." *Cowan*, ¶ 10.  "A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

3

that would entitle him to relief." *McKinnon v. W. Sugar Coop. Corp.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d 1221.

¶9 The District Court determined that Burgess had failed to plead sufficient facts for the breach of contract claims against Bryan. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." M. R. Civ. P. 8(a); *McKinnon*, ¶ 17. The amended complaint alleged that Bryan breached two contracts with Judy: (1) agreeing to guarantee the Burgess stepchildren 40% of Judy's residual estate and (2) agreeing that Bryan would advise Judy on the effects of the divorce on her estate plan. Burgess failed to plead sufficient facts to support their claims against Bryan. Burgess asserts that Bryan breached the contracts, but provide no facts supporting the contention that the contracts actually existed and they were the intended beneficiaries. The Court will not presume the details of a contract when no facts supporting the contents have been pled.

¶10 Burgess further argues that Bryan was negligent, breached his fiduciary duty, and owed them a duty as third-party beneficiaries. "To recover in a professional negligence action, the plaintiff must prove that the professional owed him a duty, and that the professional failed to live up to that duty, thus causing damages to the plaintiff." *Labair v. Carey*, 2012 MT 312, ¶ 17, 367 Mont. 453, 291 P.3d 1160 (citations omitted). Burgess has failed to plead sufficient facts to establish a duty, but more importantly, Bryan did not owe them a duty as a matter of law. The Burgess stepchildren were divested of their beneficiary status via § 72-2-814(2)(a)(i), MCA, when their father and Judy divorced. Like the plaintiffs in *Harrison v. Lovas*, 2010 MT 128, 356 Mont. 380, 234 P.3d 76, the

4

Burgess stepchildren are asking the Court to accept claims based entirely on a presumption that Judy intended to amend her trust to include them after she divorced their father. The Court will not entertain such speculative claims. Judy was Bryan's client and it was to her that he owed a duty, not to her stepchildren. The District Court did not err in determining that Bryan owed no duty to the Burgess stepchildren and dismissing the complaint.

¶11 We review a district court's ruling on a discovery matter for abuse of discretion. *Tidyman's Mgmt. Servs. v. Davis*, 2014 MT 205, ¶ 13, 376 Mont. 80, 330 P.3d 1139. A court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." M. R. Civ. P. 26(c)(1). When moving for a protective order, the movant must certify that she has made good faith efforts to resolve the discovery dispute without court action. M. R. Civ. P. 26(c)(1). If the court grants a protective order, it must, after providing an opportunity to be heard, require the party requesting additional discovery to pay the other party's costs incurred in opposing the motion, including attorney's fees. M. R. Civ. P 37(5)(B).

¶12 The District Court correctly granted Bryan's motion for a protective order. Parties may obtain discovery of any non-privileged matter if it is relevant to a party's claim or defense. M. R. Civ. P. 26(b)(1). Here, Burgess filed a motion to compel discovery following Judge Menahan's dismissal of their claims. The discovery requests were moot. The requests were not linked to any claim or defense because none existed after the court dismissed the claims.

¶13 Burgess also argue that the award of attorney fees went outside the literal instructions from Judge Menahan's order. Menahan granted the protective order and ordered Bryan to submit an account of his attorney's fees and costs incurred in responding to the discovery request. Bryan submitted an affidavit detailing the costs of corresponding with Burgess' counsel, moving for the protective order, and responding to Burgess' motions. The fees directly relate to counsel's expenses incurred in responding to the discovery requests and are proper.

¶14 Finally, Burgess argues that Bryan's counsel failed to make a "good faith" effort as required by M. R. Civ. P. 26(c)(1). Contrary to Burgess' contention, Bryan's attorney sent a letter to Doug Marshall, the Burgess attorney, asking that the discovery requests be withdrawn. The letter detailed the reasons for the request, namely that the claims had been dismissed and were an undue burden on their client. Moreover, the letter expressed their desire to resolve the issue without the court, but advised that if the requests were not withdrawn they intended to move for a protective order. The letter satisfied the good faith requirement.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. A district court's ruling on discovery is an issue of judicial discretion and there clearly was not an abuse of discretion. The determination that Burgess failed to state a claim is an issue of law and controlled by settled Montana law, which the District Court correctly interpreted.

¶16 Affirmed.

6

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA