FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0426

DA 23-0426

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 183N

JESUS VILLANUEVA,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 23-150
Honorable Donald Harris, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Jesus Villanueva, Self-Represented, Deer Lodge, Montana

     For Appellee:

        Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  July 17, 2024
Decided:  August 20, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jesus Villanueva appeals from the Order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief because it was filed untimely.  The issue is whether or not the time limitation for filing a postconviction relief petition was equitably tolled.

¶3     On July 5, 2017, Villanueva was charged with committing two counts of felony sexual assault and one count of sexual intercourse without consent on two of his minor stepdaughters.  At a jury trial on April 26, 2019, he was convicted on both counts of felony sexual assault and acquitted of the sexual intercourse without consent charge.  On September 6, 2019, the district court sentenced Villanueva to 40 years in the Montana State Prison with each conviction running concurrently.  Villanueva appealed, and this Court affirmed the conviction on October 26, 2021.  *State v. Villanueva*, 2021 MT 277, 406 Mont. 149, 497 P.3d 586.

¶4     On February 6, 2023, Villanueva filed a pro se postconviction relief petition.  On June 21, 2023, the district court denied the petition.  In its amended order on July 25, 2023, the district court explained that Villanueva had until January 24, 2022—90 days from the date of the affirmed conviction on October 26, 2021—to appeal to the United States

Supreme Court. Once that time expired, Villanueva had one year to file his petition for postconviction relief. Villanueva filed his petition thirteen days after the January 24, 2023, deadline.

¶5 "We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Marble v. State*, 2015 MT 242, ¶ 13, 380 Mont. 366, 355 P.3d 742. (internal quotations and citation omitted). "Findings of fact are clearly erroneous if they are not supported by substantial evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been made." *State v. Warclub*, 2005 MT 149, ¶ 23, 327 Mont. 352, 114 P.3d 254. Questions of factual circumstances warranting an exception of equitable tolling to a statutory filing deadline are reviewed de novo. *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 16, 365 Mont. 304, 281 P.3d 203.

¶6 Villanueva does not dispute that his petition was untimely. Villanueva argues that the one-year time limit should be equitably tolled due to the hardships and obstacles he faced as an incarcerated pro se litigant. He states that a combination of lack of legal assistance while incarcerated and overcoming his dyslexia was the underlying cause of his late filing and these factors support the equitable tolling of the time limit.

¶7 Equitable tolling may be applied when "the failure to toll on equitable grounds would work a clear miscarriage of justice, one so obvious that the imposition of the time bar would compromise the integrity of the judicial process." *State v. Redcrow*, 1999 MT

3

95, ¶ 34, 294 Mont. 252, 980 P.2d 622. A clear miscarriage of justice must be "so obvious that the judgment is rendered a complete nullity," and it must "arise *only* when a jury could find, in light of new evidence, that the defendant is actually innocent of the crime." *Redcrow*, ¶¶ 34, 37 (emphasis added).

¶8      Villanueva's argument fails to establish a basis to equitably toll his time regardless of his alleged obstacles. Villanueva states that he reached out to prison officials multiple times to aid with the drafting of his petition. Villanueva asserts that "through 'Due Diligence' he is entitled to one Postconviction Relief." But according to Villanueva's own chronology of events, he made no attempt to even seek assistance until nearly eight months after this Court affirmed his conviction, and nearly five months after the time limitation had commenced. More to the point, and dispositive for our consideration, Villanueva provides no evidence to support that a clear miscarriage of justice occurred by not allowing him to equitably toll his time towards his petition. As previously noted, Villanueva has the burden of showing that a clear miscarriage of justice occurred due to the district court not allowing him to equitably toll the filing time limit. This miscarriage needs to arise out of "*new evidence* that the defendant is actually innocent of the crime." *Redcrow*, ¶¶ 34, 37 (emphasis added). Villanueva seeks only to equitably toll his time based on apparent hardship while making no mention of any "new evidence" to support his petition that would change the outcome of his case.

¶9      We affirm the District Court's denial of Villanueva's petition for postconviction relief. We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our

4

Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE